IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

 vs.                                      CIVIL NO. 08-791 BB/LFG
                                              CRIM. NO. 03-2141 BB

ANGEL O. MARTINEZ,

        Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 26, 2008. Defendant-Movant Angel O. Martinez ("Martinez") challenges the judgment and sentence entered by the United States District Court for the District of New Mexico in <u>United States v. Martinez</u>, No. CR 03-2141 BB.

2. As grounds for his Motion, Martinez alleges that his trial counsel never advised him that if he pled guilty he would be deported from the United States and that if he had known this, he would have rejected the plea agreement and gone to trial. [Doc. 1, at 4].

3. On September 10, 2008, the United States filed a Motion to Dismiss [Doc. 4], contending that Martinez's motion is untimely. Martinez did not file a Response, and the time for doing so has

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

expired.  The Court finds that Martinez filed his Motion well past the one-year deadline established by statute and has shown no reason for excusing his late filing.  Thus, the Court recommends that the Government's Motion to Dismiss be granted and this case dismissed with prejudice.

4.  On October 31, 2003, Martinez pled guilty to a Superseding Information charging him with violation of 18 U.S.C. § 2252(a)(2), Advertising to Exchange Child Pornography in Interstate Commerce: Sexual Exploitation of Children.  Judgment was entered on January 7, 2004 [Docs. 5, 8, 18 in CR 03-2141].  Martinez was sentenced to a term of 70 months, with the recommendation that removal proceedings be commenced by the INS during service of the sentence. [Doc. 18 in CR 03-2141].

5.  Martinez did not appeal his conviction; thus, his conviction became final on January 17, 2004, ten days after entry of judgment, for purposes of the § 2255 statute of limitations.  United States v. Pyeatt, 59 Fed. Appx. 275 (10th Cir. 2003); FED. R. APP. P. Rule 4(b)(1)(A).

6.  A one-year statute of limitations applies to motions under § 2255, and the period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

7.  Martinez does not assert, and the Court finds nothing in the record to support a finding, that subsections 2, 3 or 4 are applicable in this case.  He does not allege an impediment to filing created by governmental action, nor that a right was newly recognized by the Supreme Court, nor that facts which might support his claim could not have been discovered earlier.  The recommendation that removal proceedings be commenced by the INS was clearly set forth in bold face type in the Judgment [Doc. 18 in CR 03-2141, at 2]; thus, it appears that at least as of January 17, 2004, Martinez was aware that he was facing deportation.

8.  The statute of limitations for Martinez's § 2255 petition therefore expired on January 17, 2005, one year from the date his judgment of conviction became final by expiration of the deadline for filing an appeal.  He filed his Motion to Vacate on August 26, 2008, over three and a half years after expiration of the limitations period.

9.  While equitable tolling of the statute of limitations is possible in § 2255 cases, Martinez has presented no grounds for the application of equitable principles.  Tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

10.  Martinez says that he was unaware of his right to file a § 2255 petition and unaware that there was any time limit, but this does not excuse a late filing.

> [I]t is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999); see also Smith, 208 F.3d at 18 (petitioner's pro se status does not warrant equitable tolling); Miller, 141 F.3d at 978 (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation).

Marsh, at 1220.

3

11.  The Court finds that Martinez failed to file his Motion to Vacate within the allowable time period and that equitable tolling is not available in this case.

### Recommended Disposition

That the Government's Motion to Dismiss [Doc. 4] be granted and this case be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge